IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC RAY PRICE | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv564 |
| ADAM SIBLEY | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Eric Ray Price, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Adam Sibley, an Assistant District Attorney for Hamilton County, Texas.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges that the defendant Adam Sibley, an Assistant District Attorney, deprived him of his constitutional rights during the trial involving the criminal charges for which he was convicted.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose. Plaintiff's claims arose in Hamilton, Texas where his trial was conducted. The city of Hamilton, Texas is located in Hamilton County, Texas. Additionally, the defendant is employed as an Assistant District Attorney for Hamilton County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Hamilton County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Hamilton County is in the Western District of Texas, Waco Division. Accordingly, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Western District of Texas, Waco Division. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this  28  day of         October        , 2013.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE